UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANK D'ANTUONO,

        Petitioner,

       -v-                                   05-CV-0437A
                                                 **ORDER**
JAMES CONWAY, Superintendent of
Attica Correctional Facility,

        Respondent.

---

## I. Introduction

On or about June 16, 2005, Petitioner Frank D'Antuono ("D'Antuono" or "Petitioner") filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction for Robbery in the First Degree and two counts of Escape in the First Degree, following a jury trial.[1] (Dkt. # 1). On November 9, 2009, this Court dismissed D'Antuono's petition for a writ of habeas corpus and denied a certificate of appealability, finding that D'Antuono failed to make a substantial showing of the denial of a constitutional right. (Dkt. # 28). On or about November 17, 2009, Petitioner filed a motion for vacatur pursuant to Fed. R. Civ. R. 60(b), seeking to vacate the November 9, 2009 Decision and Order of this Court. (Dkt. # 30). On or about December 7, 2009, Petitioner filed a notice of

---

[1] In his habeas petition, D'Antuono alleged: (1) ineffective assistance of appellate counsel; (2) denial of his right to proceed *pro se*; and (3) a Fourth Amendment violation. (Dkt. # 1).

appeal, and a request that his motion to vacate be withdrawn. (Dkt. # 34). Because Petitioner had elected to appeal the Court's final judgment, the Court granted Petitioner's request that his motion to vacate be withdrawn. (Dkt. # 36). Subsequently, the Second Circuit Court of Appeals issued a mandate denying Petitioner's motion for a certificate of appealability and dismissing Petitioner's appeal. (Dkt. # 37). On November 1, 2010, Petitioner filed the instant motion for vacatur pursuant to Fed. R. Civ. P. 60(b)(1), seeking to vacate the November 9, 2009 Decision and Order of this Court (Dkt. # 40).[2] The reader is presumed to be familiar with the facts of this case, which were detailed in the Court's November 9, 2009 Decision and Order. (Dkt. # 28).

## III. Discussion

### A. Timeliness

Motions brought under subsection (1) of Rule 60(b) must be filed "no more than a year after the entry of the final judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, by way of Decision and Order dated November 9, 2009, the Court denied habeas relief and dismissed D'Antuono's habeas petition. Judgment was entered against D'Antuono on November 10,

---

[2] Although Petitioner already filed an appeal in the Second Circuit from this Court's denial of his habeas corpus petition, thereby divesting this Court of its jurisdiction over the matter, the Second Circuit has determined that a district court may entertain a petitioner's motion for reconsideration, without permission from the Second Circuit, so long as the district court denies the motion. See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992). Because this Court denies Petitioner's motion for reconsideration, permission from the Second Circuit is not a necessary prerequisite to this Court's decision.

2009. (Dkts. #28, 29). Petitioner filed the instant motion on November 1, 2010. (Dkt. #40). Therefore, Petitioner's motion was timely filed, as required by Rule 60(c)(1).

Nonetheless, as discussed below, Petitioner's motion is denied for failing to set forth a basis for relief under Rule 60(b).

**B. The Rule 60(b) Motion**

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5). Subsection (6) is the "catch-all" of Rule 60(b), and allows vacatur in the interest of justice for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(6).

Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. See Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see also Gitten v. United States, 311 F.3d 529, 532 n. 4 (2d Cir. 2002). Rule 60(b) is not a vehicle for rearguing the

merits of the challenged decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

When presented with a Rule 60(b) motion that merely asserts or reasserts claims of error in the movant's underlying conviction or sentence, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification [under 28 U.S.C. § 2244(b)(2)], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Harris, 367 F.3d at 82 (quoting Gitten, 311 F.3d at 534). Here, the Court denies Petitioner's motion, finding that it is beyond the scope of Rule 60(b).

Petitioner asserted three grounds for relief in his original habeas corpus petition. (Dkt. # 1). The Court dismissed the petition, and determined that all of his claims were meritless. (Dkt. # 28). Petitioner now asserts that the Court's resolution of his ineffective assistance of appellate counsel and "denial of his right to proceed *pro se*" claims was based on mistake and/or

oversight. (Dkt. # 40 at 26-30). To support his position, he sets forth, in sum and substance, the same factual and legal arguments he offered in the original habeas corpus petition. Essentially, he seeks to revisit the Court's previous denial of these claims on the merits.

The Court finds that D'Antuono's motion does not present sufficient grounds for relief as enumerated in subsection (1) of Rule 60(b). Rather, he simply reargues the merits of his ineffective assistance of appellate counsel and "denial of his right to proceed *pro se*" claims, which were previously resolved by this Court's November 9, 2009 Decision and Order dismissing the habeas petition. See Fleming, 865 F.2d at 484.

**IV. Conclusion**

For the foregoing reasons, D'Antuono's motion pursuant to Rule 60(b)(1) for relief from judgment is denied.

**SO ORDERED.**

S/Michael A. Telesca

---
MICHAEL A. TELESCA
United States District Judge

Dated:  November 10, 2010
        Rochester, New York